UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OGMA, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>APPLE INC.; DELL, INC.; HEWLETT-PACKARD COMPANY; HTC AMERICA, INC.; KYOCERA COMMUNICATIONS, INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; MOTOROLA MOBILITY, INC.; NOKIA, INC.; PALM, INC.; PANTECH WIRELESS, INC.; PHAROS SCIENCE AND APPLICATIONS, INC.; RESEARCH IN MOTION CORPORATION; SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., T-MOBILE USA, INC.<br><br>            Defendants. | CASE NO.:<br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ogma, LLC ("Ogma") hereby alleges for its Complaint against defendants Apple, Inc.; Dell, Inc.; Hewlett-Packard Company; HTC America, Inc.; Kyocera Communications, Inc.; LG Electronics MobileComm U.S.A., Inc.; Motorola Mobility, Inc.; Nokia, Inc.; Palm, Inc.; Pantech Wireless, Inc.; Pharos Science and Applications, Inc.; Research In Motion Corporation; Sony Ericsson Mobile Communications (USA), Inc., T-Mobile USA, Inc. (collectively the "Defendants") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

### THE PARTIES

1. Plaintiff Ogma is a Texas limited liability company with a place of business at 3301 W. Marshall Ave., Suite 303, Longview, TX 75604.

2. On information and belief, Defendant Apple, Inc. ("Apple") is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

3. On information and belief, Defendant Dell, Inc. ("Dell") is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, TX 78682.

4. On information and belief, Defendant Hewlett-Packard Company ("HP") is a Delaware corporation with a principal place of business at 3000 Hanover Street, Palo Alto, CA 94304. On further information and belief, Defendant Palm, Inc. ("Palm") is a subsidiary of HP with a principal place of business at 950 W. Maude Ave., Sunnyvale, CA 94085. HP and Palm will be referred to herein individually and collectively as the "HP Defendants."

5. On information and belief, Defendant HTC America, Inc. ("HTC America") is a Washington corporation with a principal place of business at 13920 SE Eastgate Way, Suite 400 Bellevue, WA 98005.

6. On information and belief, Defendant Kyocera Communications, Inc. ("KCI") is a Delaware corporation with a principal place of business at 9520 Towne Centre Drive San Diego, CA 92121.

7. On information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. ("LG Mobile") is a California corporation with a principal place of business at 10101 Old Grove Road, San Diego, CA 92131.

8. On information and belief, Defendant Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with a principal place of business at 600 North U.S. Highway 45, Libertyville, IL 60048.

9. On information and belief, Defendant Nokia, Inc. ("Nokia") is a Delaware corporation with a principal place of business at 102 Corporate, Park Drive, White Plains, NY 10604.

10. On information and belief, Defendant Pantech Wireless, Inc. ("Pantech Wireless") is a Georgia corporation with a principal place of business at 5607 Glendridge Drive, Atlanta, GA 30342.

11. On information and belief, Defendant Pharos Science and Applications, Inc. ("Pharos") is a California corporation with a principal place of business at 411 Amapola Avenue, Torrance, CA 90501-1478.

12. On information and belief, Defendant Research In Motion Corporation ("RIMC") is a Delaware corporation with a principal place of business at 122 West John Carpenter Parkway, Ste 430, Irving, TX 75039.

13. On information and belief, Defendant Sony Ericsson Mobile Communications (USA), Inc. ("Sony Ericsson USA") is a Delaware corporation with a principal place of business at 3333 Piedmont Road, Suite 600, Atlanta, GA 30305.

14. On information and belief, Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware Corporation with a principal place of business at 12920 SE 38th Street, Bellevue, WA 98006.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.* because each of the Defendants has committed acts of patent infringement within the United States and this judicial district. Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), in that the defendants are subject to personal jurisdiction in this district. At a minimum, each of the defendants has delivered infringing products into the stream of commerce with the expectation that they will be purchased by consumers in Texas, including those located in the Eastern District of Texas.

## THE '947 PATENT

17. On November 21, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,150,947 ("the '947 Patent"), entitled "Programmable Motion-Sensitive Sound Effects Device," to James Michael Shima. A copy of the '947 Patent is attached to the Complaint as Exhibit A.

18.     By reason of an assignment dated January 25, 2011, Plaintiff Ogma owns all rights, title and interest in the '947 Patent.

**FIRST CAUSE OF ACTION**
**(Infringement of the '947 Patent)**
**(35 U.S.C. § 271)**

19.     Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 19 above, and further alleges as follows:

20.     On information and belief, without a license or permission from Plaintiff, Defendant Apple has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant Apple did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Apple's infringing products are the iPhone (original), iPhone 3G, iPhone 3GS, iPhone 4, iPad, iPod Touch (1st, 2nd, 3rd, 4th generations), iPod Nano (6th generation), and related families of products. Defendant Apple's infringement of the '947 Patent has caused substantial damage to Plaintiff.

21.     On information and belief, without a license or permission from Plaintiff, Defendant Dell has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant Dell did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Dell's infringing products are the Streak 7, Streak 5, Venue Pro, Venue, and related families of products. Defendant Dell's infringement of the '947 Patent has caused substantial damage to Plaintiff.

22.     On information and belief, without a license or permission from Plaintiff, the HP Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. The HP Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of the HP

Defendants' infringing products are the Pre, Pre Plus, Pre 2, Pixi, Pixi Plus, and related families of products. The HP Defendants' infringement of the '947 Patent has caused substantial damage to Plaintiff.

23. On information and belief, without a license or permission from Plaintiff, Defendant HTC America has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant HTC America did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Defendant HTC America's infringing products are the EVO 4G, EVO Shift 4G, Freestyle, Inspire 4G, Wildfire, HD7, Surround, Droid Incredible, Aria, Desire, HD2, Hero, Tilt 2, Touch Pro2, and related families of products. Defendant HTC America's infringement of the '947 Patent has caused substantial damage to Plaintiff.

24. On information and belief, without a license or permission from Plaintiff, Defendant KCI has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant KCI did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of KCI's infringing products are the Echo, Sanyo Zio, Sanyo Zio M6000, and related families of products. Defendant KCI's infringement of the '947 Patent has caused substantial damage to Plaintiff.

25. On information and belief, without a license or permission from Plaintiff, Defendant LG Mobile has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant LG Mobile did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Defendant LG Mobile's infringing products are the Optimus V, Optimus U, Optimus M, Optimus S, Apex, Vortex, Quantum, Optimus T, Fathom, Ally, and related families

of products.  Defendant LG Mobile's infringement of the '947 Patent has caused substantial damage to Plaintiff.

26. On information and belief, without a license or permission from Plaintiff, Defendant Motorola has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent.  Defendant Motorola did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant Motorola's infringing products are the Atrix 4G, Droid, Droid Pro, Droid 2, Droid 2 Global, Droid X, Droid Bionic, Bravo, Cliq 2, Citrus, Defy, Charm, Backflip, Flipside, Flipout, and related families of products.  Defendant Motorola's infringement of the '947 Patent has caused substantial damage to Plaintiff.

27. On information and belief, without a license or permission from Plaintiff, Defendant Nokia has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent.  Defendant Nokia did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant Nokia's infringing products are the N8, N8-00, N97, N97 Mini, N900, 5800, 5320, 5230, E73, and related families of products.  Defendant Nokia's infringement of the '947 Patent has caused substantial damage to Plaintiff.

28. On information and belief, without a license or permission from Plaintiff, Defendant Pantech Wireless has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent.  Defendant Pantech Wireless did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, a few examples of Defendant Pantech Wireless's infringing products are the Pursuit, Crux, and related families of products.  Defendant Pantech Wireless's infringement of the '947 Patent has caused substantial damage to Plaintiff.

29.     On information and belief, without a license or permission from Plaintiff, Defendant Pharos has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent.  Defendant Pharos did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Pharos's infringing products is the Traveler GPS 137.  Pharos's infringement of the '947 Patent has caused substantial damage to Plaintiff.

30.     On information and belief, without a license or permission from Plaintiff, Defendant RIMC has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent.  Defendant RIMC did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant RIMC's infringing products are the Torch, Storm, Storm 2, and related families of products.  Defendant RIMC's infringement of the '947 Patent has caused substantial damage to Plaintiff.

31.     On information and belief, without a license or permission from Plaintiff, Defendant Sony Ericsson USA has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent.  Defendant Sony Ericsson USA did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant Sony Ericsson USA's infringing products are the Xperia X8/X8i, Xperia X10 Mini, Xperia X10 Mini Pro, Xperia  X2, Satio, Aspen, and related families of products.  Defendant Sony Ericsson USA's infringement of the '947 Patent has caused substantial damage to Plaintiff.

32.     On information and belief, without a license or permission from Plaintiff, Defendant T-Mobile has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent.  Defendant

T-Mobile did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, several examples of Defendant T-Mobile's infringing products are the myTouch 4G, myTouch 3G, myTouch Jack, myTouch 3G Slide, MDA Vario V, G2, G2 Touch, Ameo, Comet, Pulse, and related families of products.  Defendant T-Mobile's infringement of the '947 Patent has caused substantial damage to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ogma prays for relief as follows:

A. Declaring that the Patent-in-Suit is valid and enforceable, and that each Defendant has infringed one or more claims of the Patent-in-Suit;

B. Awarding Plaintiff damages in an amount adequate to compensate Plaintiff for each defendant's infringement, in accordance with 35 U.S.C. § 284;

D. Increasing the damages to three times the amount found or assessed by virtue of the deliberate and willful nature of each defendant's infringement, in accordance with 35 U.S.C. § 284;

E. Awarding Plaintiff its costs of suit, including reasonable attorney fees, because this is an exceptional case under 35 U.S.C. § 285; and

F. Granting such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Ogma, LLC demands a trial by jury of this action.

Dated: March 11, 2011                                     Respectfully submitted,

                                                          By: /s/ Andrew W. Spangler
                                                              Andrew W. Spangler
                                                              State Bar No. 24941960
                                                              spangler@spanglerlawpc.com
                                                              Spangler Law PC

208 N. Green St., Suite 300
Longview, TX 75601
Bus: (903) 753-9300
Fax: (903) 553-0403

Co-Counsel:

James C. Otteson
CA Bar No. 157781
(Admitted E.D. Texas)
jim@agilityiplaw.com

David A. Caine
CA Bar No. 218074
(Admitted E.D. Texas)
dacaine@agilityiplaw.com

Thomas T. Carmack
CA Bar No. 229324
(Admitted E.D. Texas)
tom@agilityiplaw.com

Xiang Long
CA Bar No. 246629
(Admitted E.D. Texas)
longxiang@agilityiplaw.com

Agility IP Law
1900 University Circle, Suite 201
East Palo Alto, CA 94303
Bus: 650-227-4800
Fax: 650-318-3483

Attorneys for Plaintiff
OGMA, LLC